UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>BRENT EVERETT RUSS,<br><br>  Defendant. | NO:  2:15-CR-0139-TOR<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

BEFORE THE COURT is Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 93). The motion was submitted for consideration without oral argument. The Court has reviewed the motion, the record, and files therein, and is fully informed. For the reasons discussed below Defendant's motion (ECF No. 93) is **DENIED**.

## BACKGROUND

The instant suit arises out of a threatening letter sent by Defendant Brent Everett Russ to an attorney that represented Mr. Russ in a previous matter. ECF No. 1. On December 4, 2015, a criminal complaint was filed in the U.S. District

ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 1

1  Court for the Eastern District of Washington charging Defendant with Mailing
2  Threatening Communications, a violation of 18 U.S.C. § 876(c).  Subsequently, the
3  government attained a search warrant for Defendant's home based on the letter,
4  searched Defendant's house, and found firearms in violation of 18 U.S.C.
5  §§922(n), 924(a)(1)(D), as Defendant was then under indictment for a crime
6  punishable by imprisonment for a term exceeding one year.  ECF Nos. 26 at 2; 72
7  at 4.  On December 15, 2015, an indictment was filed with the Court charging
8  Defendant with count 1, Mailing Threatening Communications, a violation of 18
9  U.S.C. § 876(c), and count 2, Possession of Firearms by a Prohibited Person, a
10 violation of 18 U.S.C. § 922(n).  ECF No. 26 at 1-2.  The indictment also included
11 forfeiture allegations.  ECF No. 26 at 2-3.

12     On June 28, 2016, pursuant to a written plea agreement filed with the Court
13 under Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure (ECF No. 72),
14 Defendant appeared before Chief U.S. District Judge Thomas O. Rice and entered
15 a guilty plea to count 2 of the indictment.  ECF Nos. 71; 72; 73.  Per the written
16 agreement, the government agreed to dismiss count 1 of the indictment, *inter alia*,
17 and Defendant agreed to waive a set of constitutional rights, including:

18  a) The right to a jury trial;
    b) The right to see, hear and question the witnesses;
19  c) The right to remain silent at trial;
    d) The right to testify at trial; and
20  e) The right to compel witnesses to testify.

ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 2

ECF No. 72 at 2-4.  The written agreement further provided:

> Defendant BRENT EVERETT RUSS, understands that by entering into this Plea Agreement, he effectively is waiving his opportunity to challenge before the trial court and an appellate court any alleged procedural or substantive issues involving his prosecution on the Indictment that arose prior to the entry of the guilty plea.  *The Defendant further expressly waives his right to file any post-conviction motion attacking his conviction and sentencing, including a motion pursuant to 28 U.S.C. § 2255, except one based upon ineffective assistance of counsel based on information not known by the Defendant, and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes sentence*.

ECF No. 72 at 8 (emphasis added).  Judgment was entered per the parties' agreement on December 28, 2016.  ECF No. 89.

Now, Defendant moves the Court to Vacate the Judgment pursuant to 28 U.S.C. § 2255, alleging his attorney, the Assistant U.S. attorney, and an FBI agent conspired to withhold *Brady* material from Defendant.  ECF No. 93 at 4.  As a basis for this assertion, Defendant argues that a letter used as evidence against him was forged (the "first" letter), asserting Defendant sent what he calls the "second" letter.  ECF No. 93 at 4.  According to Defendant, the "first" letter ends with "That's not a threat, either . . . it's a f***ing promise."  ECF No. 93 at 4 (asterisks own).  The "second" letter ends with "That's not a threat, either . . . it's a promise."  ECF No. 93 at 4.

The government challenges the Motion, ECF No. 101, supported by an affidavit by Ryan Edwards, the FBI Agent allegedly involved in the conspiracy,

ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 3

ECF No. 101-1; an affidavit by Rudy J. Verschoor, the Assistant United States Attorney allegedly involved in the conspiracy, ECF No. 101-3; and a declaration by Angelle M. Gerl and Jeffery Niesen, the defense attorneys allegedly involved in the conspiracy, ECF Nos. 101-4; 101-5.  All parties maintain they were not aware of the so-called "first" letter.  ECF Nos. 101-1 at ¶¶ 4-5; 101-3 at ¶¶ 2-5; 101-4 at ¶¶ 4-6; 101-5 at ¶¶ 2-5, 8.

## DISCUSSION

A party may waive the right to bring a § 2255 motion pursuant to a plea agreement only if the agreement "does so expressly[,]" *U.S. v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994), and the waiver is knowing and voluntary, *U.S. v. Bibler*, 495 F.3d 621, 624 (9th Cir. 2007).  As Defendant's waiver was decidedly knowing and voluntary, ECF No. 73 at 1, the waiver is valid and enforceable.  To properly be before the Court and outside of what Defendant has already waived, Defendant's 28 U.S.C. § 2255 motion can thus only be "*based upon ineffective assistance of counsel based on information not known by the Defendant, and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes sentence.*"  ECF No. 72 at 8 (emphasis added).

Notably, Defendant's Motion to Vacate (ECF No. 93) is premised on information known by the Defendant before entering the Plea Agreement—*i.e.*, Defendant believed the "first" letter was a forgery before entering the Plea

ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 4

Agreement. *Compare* ECF No. 44 (filed *ex parte*) (Defendant's Motion to Replace Counsel complaining that the letter submitted as evidence didn't match the letter he mailed), *with* ECF No. 73 (entering plea agreement June 28, 2016). Defendant's claim is thus foreclosed by the terms of the Agreement and Defendant's prior awareness of the contention he now brings before the Court.

Moreover, even if the information was not known before entering the Plea Agreement, Defendant's ineffective assistance claim still fails, as Defendant cannot show that using the "first" letter over the "second" actually prejudiced Defendant. *Hibbler v. Benedetti*, 693 F.3d 1140, 1149 (9th Cir. 2012). The crux of Defendant's argument is that the "first" letter was used in order to obtain the search warrant that lead to Count 2. ECF No. 93 at 5.[1] For prejudice to exist, Defendant must show that the search warrant would not have been granted if the "second" letter (instead of the "first" letter) was used as the basis for the search warrant. But Defendant cannot make this showing.

In the matter at hand, it does not matter whether Defendant made a bare promise, or a promise dressed with an expletive, a promise to injure is still a

---

[1] The Court takes judicial notice of its records and files which show that the "second" letter was used to obtain the search warrant and is indeed, attached to the application. *See* 15-MJ-0343-JTR-1, 15-MJ-0346-JTR-1.

ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 5

promise to injure.  In this case, Defendant's promise, with or without the additional expletive, was illegal and the force of the threat remains the same in either form; and Defendant admitted he made such a promise.  ECF No. 44 at 1.  Consequently, Defendant's contentions, even if true, do not establish Defendant's right to the vacation of his conviction, as there is no actual prejudice to Plaintiff.  In other words, there is no reason the search warrant would not have been granted had it been based on the "second" letter.  The addition of one word would not have changed anything, including the basis for the search warrant that lead to the discovery of Defendant's weapons.

Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 93) is **DENIED**.

**IT IS SO ORDERED.**

The District Court Executive is directed to enter this Order and provide copies to the parties.

**DATED** February 9, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 6