# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>BRENT EVERETT RUSS,<br><br>　　　　　　Defendant. | NO: 2:15-CR-0139-TOR<br><br>ORDER TRANSFERRING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

BEFORE THE COURT is Defendant's second Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (ECF No. 109). Defendant previously filed a motion under 28 U.S.C. § 2255 in November 2016. ECF No. 93. That motion was denied on February 9, 2017. ECF No. 103. The Court has reviewed the present motion, the record, and files herein, and is fully informed. For the reasons discussed below Defendant's motion (ECF No. 109) will be transferred to the Ninth Circuit Court of Appeals.

//

//

ORDER TRANSFERRING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 1

## DISCUSSION

The district court lacks authority to review successive habeas motions filed without authorization from the court of appeals. 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b)(4)(A); see also *United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998). The Antiterrorism and Effective Death Penalty Act of 1996 [AEDPA] amended the federal habeas statutes and added the requirement that any prisoner seeking to file a successive habeas application must first file, in the appropriate court of appeals, a motion for an order authorizing the district court to consider the successive application. 28 U.S.C. § 2244(b)(3)(A); Ninth Circuit Rule 22-3(a). Once the applicant files such a motion, the court of appeals then reviews the successive application to determine whether it contains (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h).

As previously noted, the Court has already denied Mr. Russ's first motion under 28 U.S.C. § 2255. ECF No. 103. Neither the record nor any evidence submitted by Mr. Russ shows that he obtained the required authorization from the

Ninth Circuit. Therefore, this Court does not have jurisdiction to consider his application for relief. Ninth Circuit Rule 22-3(a) provides in part,

> If an unauthorized second or successive . . . section 2255 motion is submitted to the district court, the district court may, in the interests of justice, refer it to the Court of Appeals.

The Court believes it is in the interest of justice to transfer this case to the Ninth Circuit. See also 28 U.S.C. § 1631. In general, the Ninth Circuit has taken a broad view of when transfer is appropriate, recognizing that "[n]ormally transfer will be in the interest of justice because normally dismissal of an action that could be brought elsewhere is 'time-consuming and justice-defeating.'" *Amity Rubberized Pen Co. v. Mkt. Quest Grp. Inc.*, 793 F.3d 991, 996 (9th Cir. 2015) (citation omitted). Transferring Mr. Russ's Motion would expedite a just result in his case.

Accordingly, **IT IS HEREBY ORDERED**:

1. Mr. Russ's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, filed June 29, 2017, ECF No. 109, shall be terminated in this Court and **TRANSFERRED** to the Ninth Circuit Court of Appeals for determination of whether his Motion should be authorized pursuant to 28 U.S.C. § 2255(h).

2. Mr. Russ is advised that this transfer will not itself constitute compliance with 28 U.S.C. § 2255 and Circuit Rule 22-3(a). Mr. Russ must still file

an application for leave to proceed with the Ninth Circuit and make the showing required by § 2255. The Clerk of the Court shall send Mr. Russ a copy of the Ninth Circuit **Form 12**.

3. The corresponding civil file, 2:17-CV-0241-TOR, shall be **CLOSED**.

The District Court Executive is directed to enter this Order and provide copies to the parties.

**DATED** July 7, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER TRANSFERRING DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 4